# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE FRANKS, | 1:09-CV-00176 LJO GSA HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| H. A. RIOS, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the United States Bureau of Prisons at the Federal Medical Center in Butner, North Carolina. At the time the instant petition was filed, he was housed at the United States Penitentiary in Atwater, California.

With this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary hearing held on November 9, 2007, in which he was found guilty of possessing a weapon and fighting another inmate. Petitioner was assessed a loss of 35-days of good conduct time, 90-days in disciplinary segregation, and 150 days loss of telephone

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's answer to the petition, and the exhibits in support of Respondent's answer.

and commissary privileges. Petitioner claims there is no evidence to support the guilty finding.

Respondent filed an answer to the petition on July 13, 2009. Petitioner has not filed a traverse.

**FACTUAL BACKGROUND**[2]

On November 9, 2007, a disciplinary hearing was held with respect to charges that on October 14, 2007, Petitioner had been involved in a fight and had possessed a weapon. Petitioner was advised of his rights and stated he understood them. The incident report had been previously provided to him. Petitioner did not request a staff representative or witnesses. He provided a two-page written statement for consideration by the hearing officer. In his statement, Petitioner alleged he was the victim of an assault by the other inmate. He also stated he did not remember possessing a pencil, and he had been rendered unconscious due to the assault by the other inmate. Nevertheless, Petitioner had previously admitted that he had been involved in the altercation, and he had also admitted to striking the other inmate with a pencil causing the pencil to pierce the other's shoulder. Based on the admission, injuries, and video surveillance, the hearing officer found Petitioner guilty of the charges.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241 extends to a person in federal custody if the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner was in custody at the United States Penitentiary in Atwater, California, which is located within the jurisdiction of this Court, at the time the petition was filed; therefore, this Court is the proper venue. 28 U.S.C. § 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). Thus, this Court

---

[2]This information is derived from the exhibits in support of Respondent's answer.

has subject matter jurisdiction.

II.  Standard of Review

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

In this case, it is clear Petitioner's due process rights were met. He was given advance written notice of the charges. He was given an opportunity to call witnesses, but he chose not to do so. He was also given an opportunity to present evidence in his defense. He offered a written statement that was considered by the hearing officer. The hearing officer also considered the injuries sustained by the parties and the video surveillance of the incident. Petitioner attempts to challenge the video surveillance evidence; however, he failed to do so at the hearing.  Additionally, Petitioner was given a written statement by the factfinder of the evidence relied on and the reasons for the guilty finding.

Finally, there was at least some evidence from which to conclude Petitioner committed the charged offenses. Petitioner had admitted to the altercation and to striking the other inmate with a pencil. There were also injury assessment reports and video surveillance of the incident. Photographs and staff memoranda were also reviewed. Based on the totality of the circumstances, the hearing

1 officer found Petitioner guilty of the offenses. Petitioner fails to demonstrate that there was not
2 "some evidence" from which to conclude he committed the offenses.
3     In sum, all due process requirements were satisfied. The petition is without merit and should
4 be denied.

**RECOMMENDATION**

6     Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus
7 be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter
8 judgment.
9     This Findings and Recommendation is submitted to the assigned District Judge, pursuant to
10 the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with the
11 Findings and Recommendation, any party may file written objections with the Court and serve a
12 copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's
13 Findings and Recommendation."  Any reply to the objections shall be served and filed within ten
14 days after service of the objections.  The parties are advised that failure to file objections within the
15 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
16 1153 (9th Cir. 1991).

18     IT IS SO ORDERED.
19     Dated:   **August 27, 2009**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE